UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALECK ENOCH WALKER,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 3:20-cv-00053-DCN<br>3:18-cr-00030-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court in the above entitled matters is Petitioner Aleck Enoch Walker's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (CR-30, Dkt. 33; CV-53, Dkt. 1)[1] and Walker's Motion to Appoint Counsel (CV-53, Dkt. 8). The parties have filed their responsive briefing on the Motions and/or the time for doing so has passed. The matter is, therefore, ripe for the Court's review.

## II. BACKGROUND

On January 17, 2018, a federal grand jury indicted Walker for (1) assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3), and (2) possession of a short-barreled shotgun in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(B)(i). CR-30, Dkt. 1. In Count One, the Indictment alleged that Walker, "an

---

[1] In this Order, "CR-30" is used when citing to the criminal case record in 3:18-cr-00030-DCN and "CV-53" is used when citing to the civil case record in 3:20-cv-00053-DCN.

MEMORANDUM DECISION AND ORDER-1

Indian," had pointed the shotgun at a women's head while she was on the phone with emergency services while within the boundaries of the Nez Perce Indian Reservation. *Id*. at 1. The Indictment alleged in Count Two that Walker did knowingly possess a short-barreled 20-guage shotgun "in furtherance of a crime of violence for which he may be prosecuted . . . that is, assault with a dangerous weapon as charged in Count One in this Indictment[.]" *Id*. at 2. Less than two months later, Walker entered a plea agreement. CR-30, Dkt. 13. Within his plea agreement, Walker pled guilty to the indicted charge and acknowledged that he had the right to a trial, but knowingly waived that right. *Id*. at 2. Walker also acknowledged it could be proved beyond a reasonable doubt at trial that 1) he had approached a woman in her truck who was calling emergency services to report gunfire and suspicious activity, and 2) he had knowingly pointed the short-barreled firearm at the woman with the intent to do bodily harm to her and the woman feared for her life. *Id*. at 3.

The Court accepted Walker's plea of guilty on both counts on March 19, 2018. CR-30, Dkt. 15. On June 19, 2018, the Court sentenced Walker to 46 months incarceration on Count One and 120 months on Count Two (to be served consecutively), to be followed by three-years of supervised release (to run concurrently). CR-30, Dkts. 26, 28.

On February 3, 2020, Walker filed his pending § 2255 petition. CR-30, Dkt. 33; CV-53, Dkt. 1. In it, Walker acknowledges his § 2255 Motion is untimely but asserts there was an intervening change of law, *United States v. Davis*, 139 S. Ct. 2319 (2019), which merits vacating his sentence. The Government responded to Walker's petition. CV-53, Dkt. 7. Walker did not file a reply.

Walker filed his motion to appoint counsel on July 2, 2020. CV-53, Dkt. 8.

MEMORANDUM DECISION AND ORDER-2

### III. TIMELINESS OF PETITION

Under the applicable statute of limitations, a § 2255 motion must be brought within one year after a judgment of conviction becomes final unless the motion has been statutorily tolled according to 28 U.S.C. § 2255(f)(2)–(4). A judgment of conviction becomes final when it "has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari denied." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

Walker acknowledges his § 2255 is on its face untimely, as it was filed more than a year after his judgment of conviction was final. CV-53, Dkt. 1. However, he states that the Supreme Court recently recognized a right in *Davis* that was made retroactively applicable to cases on collateral review. His § 2255 petition was filed within a year of the *Davis* case, which he argues makes it timely. *See* 28 U.S.C. § 2255(f)(3).

Section 924(c) generally prohibits the possession, carrying, or use of a firearm in relation to a crime of violence and carries a mandatory sentence. At the time of Walker's June 2018 sentencing, the predicate "crimes of violence" for a Section 924(c) conviction were defined by the "elements" or "force" clause, 18 U.S.C. § 924(c)(3)(A), and by the residual clause, 18 U.S.C. § 924(c)(3)(B).

*Davis* found Section 924(c)(3)(B)'s "residual clause" to be unconstitutionally vague. In doing so, the Supreme Court invalidated a conviction under Section 924(c) that was predicated on conspiracy to commit Hobbs Act Robbery because it relied on the residual clause's definition of a "crime of violence." *Davis* follows a line of cases that began with *United States v. Johnson*, 135 S. Ct. 2551 (2015), finding convictions and

sentences under "residual clauses"—clauses that define crimes of violence as crimes that "by their nature" tend to involve violence—unconstitutionally vague. However, the *Davis* Court found that the robbery convictions could still be sustained as a crime of violence as defined by the *elements* clause, 18 U.S.C. § 924(c)(3)(A), and remanded the case for a full resentencing. 139 S. Ct. at 2336.

In Count Two of the Indictment, Walker was charged with possessing a firearm in furtherance of a crime of violence, "that is, assault with a dangerous weapon as charged in Count One of the Indictment," in violation of 18 U.S.C. § 924(c)(1)(B)(i). CR 30, Dkt. 1. The Indictment does not specify whether the crime of violence Walker was charged under falls within the residual clause or the elements clause.

The Supreme Court has held that to qualify as a "crime of violence" under the elements clause, the offense must have as an element the use, attempted use, or threatened use of "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original); *Davis*, 139 S. Ct. at 2325–26 (applying *Johnson* to § 924(c)). Walker pled guilty to assault with a dangerous weapon under 18 U.S.C. § 113(a)(3). 18 U.S.C. § 113(a)(3) states that:

> Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows "assaults within maritime and territorial jurisdiction" . . . (3) Assault with a dangerous weapon, with intent to do bodily harm, by a fine under this title or imprisonment for not more than ten years, or both.

The Court turns to whether Walker's predicate offense qualifies as a crime of violence under the elements clause of § 924(c). The Court reviews whether the least serious form of the offense under the relevant statute—18 U.S.C. § 113(a)(3)—meets the *Johnson*

MEMORANDUM DECISION AND ORDER-4

standard. *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013). If it does, it qualifies categorically as a crime of violence.

Here, assault within maritime and territorial jurisdiction of the United States plainly qualifies as a crime of violence; the least serious form of assault has as an element the use, attempted use, or threatened use of force capable of causing physical pain or injury to another person. As the Ninth Circuit recently stated, "although the Supreme Court recently declared the residual clause unconstitutionally vague, *see United States v. Davis*, 139 S. Ct. 2319 (2019), that is of no consequence to this appeal because assault with a dangerous weapon under 18 U.S.C. § 113(a)(3) is a crime of violence under the elements clause." *United States v. Gobert*, 943 F.3d 878, 880 (9th Cir. 2019).

Thus, Walker's collateral attack is not tolled by *Davis* under § 2255(f)(3), as his crime of violence falls under the elements clause, not the now unconstitutional (as found by *Davis*) residual clause. As he has no other grounds to file his § 2255 petition over a year after his judgment became final, his § 2255 petition is untimely and may be denied on that ground alone. However, even under the merits, the Court would deny Walker his requested relief.

### IV. STANDARD OF LAW

Section 2255 permits a federal prisoner in custody under sentence to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the grounds that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

MEMORANDUM DECISION AND ORDER-5

28 U.S.C. § 2255(a). Relief under § 2255 is afforded "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (cleaned up). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062–63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

If a court denies a habeas petition, the court may issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see* 28 U.S.C. § 2253(c)(2). Although the petitioner need not prove the merits of his case for the court to issue a certificate of appealability, the petitioner must show

MEMORANDUM DECISION AND ORDER-6

"something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (cleaned up).

Walker contests that he is innocent of Court Two because Count Two was unconstitutionally vague and "cannot be upheld, as it relies on the now void residual clause of 924(c)(3)(B) to define the predicate as a crime of violence.". CV 53, Dkt. 1, at 3. In addition, Walker asserts that his counsel was ineffective because his counsel advised him to plead guilty to Count Two, but that his guilty plea was unknowing and unintelligent, as he "was not aware that he was pleading guilty to a crime that was ambiguous and vague." *Id*. Consequently, Walker contends his sentence was above the guidelines, as it was partially premised on his unknowing guilty plea to Count Two.

"[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). The federal law governing claims of ineffective assistance of counsel is stated in *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). A challenger must prove both: (1) that counsel's performance was deficient; and (2) that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688.

As discussed above, Walker's crime—possession of a short-barreled shotgun in furtherance of a crime of violence—under Count Two is not unconstitutionally vague, as assault with a dangerous weapon under 18 U.S.C. § 113(a)(3) is a crime of violence under the *elements* clause of 18 U.S.C. § 924(c). *See Gobert*, 943 F.3d at 880. Thus, his counsel

MEMORANDUM DECISION AND ORDER-7

was not ineffective, and Walker pled guilty to a crime that was sufficiently defined. His sentence was not in excess of the maximum authorized by law.

## V. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal from the denial or dismissal of his § 2255 Motion unless he first obtains a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability is warranted when "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c). No such showing has been made in this case and, therefore, the certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).

## VI. Motion to Appoint Counsel (MOOT)

On July 2, 2020, Walker filed the pending motion to appoint counsel on the grounds that his access to the law library and legal research has been severely restricted since April 2020, due to a lockdown. Dkt. 8. The Government did not file a response. Although the Court has the discretion under 18 U.S.C. § 3006A to appoint counsel for § 2255 proceedings, given its resolution of Walker's claims, Walker's request for assistance of counsel in this § 2255 proceeding is moot.

///
///
///

## VII. ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. 1, Case No. 3:20-cv-53-DCN) (Dkt. 33, Case No. 3:18-cr-30-DCN) is **DENIED**. The Clerk of the Court is directed to file this Order in both the criminal and civil cases.

2. The Certificate of Appealability is **DENIED**.

3. Petitioner's Motion to Appoint Counsel (Dkt. 8, Case No. 3:20-cv-53-DCN) is **DENIED as MOOT**.

DATED: February 24, 2021

David C. Nye
Chief U.S. District Court Judge